**VIRGINIA:**

### BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

| | |
|---|---|
| IN THE MATTER OF | VSB DOCKET NOS. 23-070-128970, |
| EPPA HUNTON, VI | 23-070-128883, 23-070-128905 |

### AGREED DISPOSITION MEMORANDUM ORDER
### ONE YEAR SUSPENSION WITH TERMS

On Thursday, June 27, 2024, this matter was heard, telephonically, by the Virginia State Bar Disciplinary Board upon the joint request of the parties for the Board to accept the Agreed Disposition signed by the parties and offered to the Board as provided by Part 6, Section IV, Paragraph 13-6.H of the Rules of the Supreme Court of Virginia. The panel consisted of David J, Gogal, First Vice Chair, Adam M. Carroll, Dawn E. Boyce, Reiss F. Wilks, and Dr. Theodore Smith, Lay Member. The Virginia State Bar was represented by Joseph M. Caturano, Jr., Assistant Bar Counsel. Eppa Hunton, VI was present and was represented by counsel Prescott L. Prince. The Chair polled the members of the Board as to whether any of them were aware of any personal or financial interest or bias which would preclude any of them from fairly hearing the matter to which each member responded in the negative. Court Reporter Jennifer Thomas, Chandler and Halasz, P.O. Box 9349, Richmond, Virginia 23227, telephone (804) 730-1222, after being duly sworn, reported the hearing and transcribed the proceedings.

**WHEREFORE**, upon consideration of the Agreed Disposition, the Certification, Respondent's Answer, Respondent's Disciplinary Record, the arguments of the parties, and after due deliberation,

It is **ORDERED** that the Disciplinary Board accepts the Agreed Disposition, and the Respondent shall receive One Year Suspension with Terms, as set forth in the Agreed Disposition, which is attached and incorporated in this Memorandum Order.

It is further **ORDERED** that the sanction is effective June 27, 2024.

It is further **ORDERED** that:

The Respondent must comply with the requirements of Part 6, Section IV, Paragraph 13-29 of the Rules of the Supreme Court of Virginia. The Respondent shall forthwith give notice by certified mail of the Suspension of his license to practice law in the Commonwealth of Virginia, to all clients for whom he is currently handling matters and to all opposing Attorneys and presiding Judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in his care in conformity with the wishes of his clients. The Respondent shall give such notice immediately and in no event later than 14 days of the effective date of the Suspension, and make such arrangements as are required herein as soon as is practicable and in no event later than 45 days of the effective date of the Suspension. The Respondent shall also furnish proof to the Clerk of the Disciplinary System of the Virginia State Bar within 60 days of the effective date of the Suspension that such notices have been timely given and such arrangements have been made for the disposition of matters.

It is further **ORDERED** that if the Respondent is not handling any client matters on the effective date of the Suspension, he shall submit an affidavit to that effect within 60 days of the effective date of the Revocation or Suspension to the Clerk of the Disciplinary System at the Virginia State Bar. The Board shall decide all issues concerning the adequacy of the notice and arrangements required herein. The burden of proof shall be on the Respondent to show compliance. If the Respondent fails to show compliance, the Board may impose a sanction of Revocation or additional Suspension for failure to comply with the requirements of subparagraph 13-29.

The Clerk of the Disciplinary System shall assess costs pursuant to Part 6, Section IV, Paragraph 13-9.E of the Rules.

It is further **ORDERED** that an attested copy of this Order be mailed to the Respondent by electronic, regular first-class and certified mail, return receipt requested, at his last address of record with the Virginia State Bar at 300 N. Ridge Rd., Unit 66, Richmond, VA 23229, and a copy by electronic mail to Prescott L. Prince, Respondent's counsel, and a copy by electronic mail to Joseph M. Caturano, Jr., Assistant Bar Counsel.

Enter this Order this 27th day of JUNE, 2024

VIRGINIA STATE BAR DISCIPLINARY BOARD

David J. Gogal
First Vice Chair

RECEIVED
Jun 10, 2024
VIRGINIA STATE BAR
CLERK'S OFFICE

VIRGINIA:

### BEFORE THE DISCIPLINARY BOARD
### OF THE VIRGINIA STATE BAR

IN THE MATTERS OF
EPPA HUNTON, VI

VSB Docket Nos.   23-070-128970
                                23-070-128883
                                23-070-128905

### AGREED DISPOSITION
### ONE YEAR SUSPENSION WITH TERMS

Pursuant to the Rules of the Supreme Court of Virginia, Part 6, § IV, ¶ 13-6.H, the Virginia State Bar, by Joseph M. Caturano, Jr., Esquire, Assistant Bar Counsel; Eppa Hunton, VI ("Respondent"); and Prescott L. Prince, Esquire, counsel for Respondent; hereby enter the following Agreed Disposition arising out of the referenced matters.

### STIPULATIONS OF FACT COMMON TO ALL MATTERS

1. Respondent was admitted to the Virginia State Bar ("VSB") on September 17, 2012. At all relevant times, Respondent was a member of the VSB.

2. At all relevant times, Respondent's practice included family law and adoption matters.

3. From May 2019 to April 2023, Respondent was employed by the law firm of Cravens & Noll, P.C. ("Cravens & Noll") practicing law at its office in Harrisonburg, Virginia.

4. In March 2023, Respondent was admitted to Fellowship Hall[1] in Greensboro, North Carolina for inpatient medical treatment.

5. In June 2023, upon completion of the inpatient program at Fellowship Hall, Respondent returned to Virginia and signed a contract with the Virginia Judges and Lawyers

---

[1] Fellowship Hall is a private specialty hospital treating alcohol addiction and substance abuse.

Assistance Program (VJLAP) for continuing treatment and monitoring for substance abuse and addiction.

6.  Respondent and the Virginia State Bar, through Assistant Bar Counsel, enter this Agreed Disposition addressing all matters deriving from Respondent's employment at Cravens & Noll.

**VSB Docket No 23-070-128970**
**Complainant: Jack Cash**

### I. STIPULATIONS OF FACT

7.  In April 2021, Jack Cash ("Mr. Cash") paid a $2,500 advanced legal fee to Respondent for representation in two stepparent adoption cases.

8.  On May 9, 2021, Mr. Cash emailed Respondent, "just curious on how everything is progressing with our two adoptions … Is it possible to send us weekly or biweekly updates just so we know what is going on?" In response, on May 10, 2021, Respondent indicated in email correspondence to Mr. Cash that, "I will be filing the [stepparent adoption] petitions this week … and you will be sent a copy once it is filed."

9.  Notwithstanding Respondent's representation, Respondent did not file the stepparent adoption petitions.

10. From June 2021 to December 2021, Respondent ignored seventeen emails from Mr. Cash requesting a status update.

11. Moreover, Respondent misrepresented to Mr. Cash that "the paperwork was filed with the Court," "things are going good," and Respondent was, "waiting to hear from the judge." Respondent told Mr. Cash that, "I have court tomorrow so will check on the status." Thereafter, when Mr. Cash specifically asked Respondent for a status update on the cases that Respondent had misrepresented had been filed with the court, instead of admitting that Respondent had not filed the matters, Respondent continued to misrepresent to Mr. Cash, "We are good to go," or

"I'll check with the judge." As Respondent never filed the petitions, Respondent's statements to Mr. Cash on the status of the filings with the court were false.

12. It was only on December 10, 2021, after Mr. Cash went to partner David Noll that Mr. Cash learned that Respondent had misrepresented to him that Respondent had filed the petitions.

13. Respondent's draft documents contained numerous errors including errors in the consent to the adoption signed by the biological father of a minor child.

14. As a result of Respondent's neglect of the matter for nine months and his misrepresentations regarding the status, David Noll transferred Mr. Cash's cases to another attorney.

15. Respondent never advised Mr. Cash of any issues or reasons that precluded Respondent from diligently representing Mr. Cash.

16. Respondent told the bar investigator that while he intended to get to Mr. Cash's case, he focused his attention on "billable" vs. "flat fee" work, when trying to bill hours, "focus tends to move to the cases where you can bill time … it just came down [to], you know … do I want to spend three hours this afternoon on a case that's going to show up on my timesheet or do [I] want to spend three hours on a case that's billed flat fee?"

## II. NATURE OF MISCONDUCT

Such conduct by Respondent constitutes misconduct in violation of the following provisions of the Virginia Rules of Professional Conduct:

*By failing to research and prepare the necessary legal documents to process the stepparent adoptions, including the consent for adoption, and to prepare and finalize the stepparent adoption petitions for nine months, Respondent violated RPC 1.1 and 1.3(a).[2]*

### Rule 1.1    Competence

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

*By failing to act with reasonable diligence and promptness in representing Mr. Cash in the stepparent adoption matters, including but not limited to, by failing to process the stepparent adoptions and to finalize and file the petitions with the court and by failing to substantively act on the adoption matters for nine (9) months, Respondent violated RPC 1.3(a).*

*By intentionally failing to carry out the contract of employment for professional services in representing Mr. Cash in the stepparent adoption matters, including but not limited to, by intentionally refusing and failing to finalize and file the petitions with the court from April 2021 to December 2021, because it was a flat fee matter, Respondent violated RPC 1.3(b).*

### Rule 1.3    Diligence

(a) A lawyer shall act with reasonable diligence and promptness in representing a client.
(b) A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but may withdraw as permitted under Rule 1.16.

*By failing to keep Mr. Cash reasonably and truthfully informed about the status of the stepparent adoption matters, including but not limited to, by failing to tell Mr. Cash that the petitions had not been filed with the court, and by failing to promptly and truthfully comply with reasonable requests for information from Mr. Cash, Respondent violated RPC 1.4(a);*

*By failing to truthfully explain the status of the stepparent adoption matters to the extent reasonably necessary to permit Mr. Cash to make informed decisions regarding the representation, including, the cause of the extreme delay in preparing the petitions, and the status of filing with the court, Respondent violated RPC 1.4(b).*

### Rule 1.4    Communication

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

---

[2] Italicized language is explanatory and is not intended to limit the findings of the tribunal.

*By making deliberately wrong and false statements of fact on numerous occasions to Mr. Cash regarding the filing of the petitions, including but not limited to, that the petitions had been filed with the court when the petitions had not been filed with the court, and by falsely indicating the delay was caused by the court, thereby engaging in conduct involving dishonesty and misrepresentation, Respondent violated 8.4(b) and (c).*

### Rule 8.4    Misconduct

It is professional misconduct for a lawyer to:

* * *

(b). commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law;

(c). engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law[.]

### VSB Docket No. 23-070-128883
### Complainant:  Stephanie J. Hedrick

#### I. STIPULATIONS OF FACT

17.     In October 2021, Stephanie J. Hedrick ("Ms. Hedrick") paid a $2,500 advanced legal fee to Respondent to prepare and process the adoption of a minor child who was placed in Ms. Hedrick's care.

18.     Respondent failed to advise Ms. Hedrick, who has a family member in common with the minor child, that she had the option of proceeding with a close relative adoption.

19.     From November 2021 through February 2022, Ms. Hedrick attempted in vain to communicate with Respondent on the preparation and progress of her adoption matter.

20.     From November 2021 through February 2022, Respondent did not respond substantively to Ms. Hedrick's requests for information.

21.     In April 2022 Respondent advised Ms. Hedrick to obtain a home study. Ms. Hedrick then obtained a home study.

22. In July 2022, Ms. Hedrick emailed home study certificates to Respondent. Respondent did not acknowledge receipt or respond to Ms. Hedrick's email. On July 25, 2022, Ms. Hedrick emailed Respondent to verify the certificates were received. Respondent did not reply to Ms. Hedrick.

23. On August 4, 2022, September 2, 2022, and November 1, 2022, Ms. Hedrick asked Respondent for an update on her adoption matter, but Respondent did not respond substantively to Ms. Hedrick.

24. Finally, in November 2022, thirteen (13) months after Ms. Hedrick hired Respondent, Respondent filed a petition for adoption on behalf of Ms. Hedrick and obtained a court date.

25. On November 30, 2022, January 6, 2023, January 27, 2023, and February 1, 2023, Ms. Hedrick asked Respondent for an update on the adoption case and on the court date. At some point, the court date was cancelled by Respondent and not rescheduled. In each instance, Respondent either did not answer Ms. Hedrick or did not substantively respond to Ms. Hedrick.

26. On February 7, 2023, Respondent told Ms. Hedrick that "a more thorough home inspection" was required by the court, and that Respondent would be "in touch" with Ms. Hedrick with additional details. In his interview with the bar investigator, Respondent could not explain why he told Ms. Hedrick that "a more thorough home inspection" was necessary by the court, given Ms. Hedrick had the home study completed in July 2022.

27. By emails exchanged February 13, 2023, Ms. Hedrick asked Respondent, "… [do] we have details on what this home inspection needs to be and who needs to do it?" Respondent replied, "It is going to be done by the same people as before, just more thorough." Ms. Hedrick responded, " … do I have to pay for another home study? Do I just need to contact

Julie Vance and tell her? What are they looking for?" Respondent replied, " … this is going to be a court ordered inspection so the court will be contacting them with details." Ms. Hedrick awaited further instruction.

28. On February 17, 2023, approximately fifteen (15) months into the representation with no pending court date, Ms. Hedrick terminated Respondent's representation, asked Respondent for a partial refund and requested that he forward her file to her new counsel.

29. Respondent did not refund the unearned fee to Ms. Hedrick, nor did he forward Ms. Hedrick's entire file to her new counsel.

30. In March 2023, Ms. Hedrick again requested that Respondent forward her entire file to her new counsel, but Respondent did not do so.[3]

31. Additionally, Respondent did not provide Ms. Hedrick with an invoice or ledger showing the fees that were earned by Respondent from October 2021 to February 2023, despite Ms. Hedrick's request.

32. On April 12, 2023, approximately two (2) months after the termination with no substantive response from Respondent, Ms. Hedrick contacted Cravens & Noll to request the partial refund due to her and a copy of her file.

33. The firm refunded Ms. Hedrick one-half (1/2) of her fee deposit in the amount of $1,250.

34. Respondent never advised Ms. Hedrick of any issues or reasons that precluded Respondent from diligently representing her.

35. Ms. Hedrick's new counsel nonsuited the case filed by Respondent, filed a new petition with the court, and completed the adoption within two (2) months.

---

[3] On March 23, 2023, Respondent's assistant emailed a copy of the birth certificate for the minor child to Ms. Hedrick's new counsel, but the entire file was not provided to Ms. Hedrick or forwarded to Ms. Hedrick's new counsel.

## II. NATURE OF MISCONDUCT

Such conduct by Respondent constitutes misconduct in violation of the following provisions of the Virginia Rules of Professional Conduct:

*By failing to research, analyze and advise Ms. Hedrick of the option of a close relative adoption, by failing to file the petition for adoption with the court for approximately 13 months, and by failing to make any significant progress on the adoption in approximately 15 months, Respondent violated RPC 1.1.*

### Rule 1.1    Competence

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

*By failing to act with reasonable diligence and promptness in representing Ms. Hedrick in the adoption matter, by taking more than one year to file the petition with the court, and by not promptly rescheduling the matter for hearing with the court, Respondent violated RPC 1.3(a).*

### Rule 1.3    Diligence

(a) A lawyer shall act with reasonable diligence and promptness in representing a client.

*By failing to keep Ms. Hedrick reasonably informed about the status of her adoption matter, by failing to explain to Ms. Hedrick what specifically was required of her in the matter, including the home study, and by failing to promptly comply with reasonable requests for information on the status of the adoption matter, including the court date for Ms. Hedrick, Respondent violated RPC 1.4(a);*

*By failing to explain the adoption matter to the extent reasonably necessary to permit Ms. Hedrick to make informed decisions regarding the representation, specifically, what legal requirements applied in her adoption matter, whether a close relative adoption was available under Virginia law, and the requirements for an acceptable home study, Respondent violated RPC 1.4(b).*

### Rule 1.4    Communication

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

*By failing to provide to Ms. Hedrick the original and/or copies of documents in her file within a reasonable time after Ms. Hedrick terminated Respondent's representation of her, Respondent violated 1.16(e).*

### Rule 1.16   Declining or Terminating Representation
\* \* \*

(e). All original, client-furnished documents and any originals of legal instruments or official documents which are in the lawyer's possession (wills, corporate minutes, etc.) are the property of the client and, therefore, upon termination of the representation, those items shall be returned within a reasonable time to the client or the client's new counsel upon request, whether or not the client has paid the fees and costs owed the lawyer. If the lawyer wants to keep a copy of such original documents, the lawyer must incur the cost of duplication. Also upon termination, the client, upon request, must also be provided within a reasonable time copies of the following documents from the lawyer's file, whether or not the client has paid the fees and costs owed the lawyer: lawyer/client and lawyer/third-party communications; the lawyer's copies of client-furnished documents (unless the originals have been returned to the client pursuant to this paragraph); transcripts, pleadings and discovery responses; working and final drafts of legal instruments, official documents, investigative reports, legal memoranda, and other attorney work product documents prepared or collected for the client in the course of the representation; research materials; and bills previously submitted to the client.

### VSB Docket No. 23-070-128905
### Complainant: Chastity L. Rice

#### I.  STIPULATIONS OF FACT

36. In October 2022, while an associate with Cravens & Noll, Respondent took an advanced legal fee of $1,800.00 from Chastity L. Rice ("Ms. Rice") to represent her in a child custody matter "on the side of his employment" of Cravens & Noll. Respondent did not advise Cravens & Noll of the representation or the legal fee.

37. Respondent also represented a "handful of others," on the side of his employment at Cravens & Noll and diverted certain fees from Cravens & Noll, in violation of his written employment agreement with Cravens & Noll.

38. Respondent did not disclose to Cravens & Noll the clients that Respondent had on the side, the services Respondent performed for those clients, or the fees paid to Respondent by those clients. Moreover, Respondent admitted to the bar investigator that he used Cravens & Noll letterhead when corresponding both with those clients and the court in those cases.

39. Respondent did not deposit advanced legal fees received from those diverted clients into a trust account but rather converted those fees to his own use.

40. Respondent did not diligently represent Ms. Rice, nor did he communicate with her.

41. Respondent did not appear at the first court appearance. Respondent did answer the court's call to ask his whereabouts and appeared by phone. Respondent could not recall why he was absent from the hearing in Ms. Rice's case.

42. Ms. Rice's trial was set for April 2023. Respondent did not make any arrangements to handle Ms. Rice's case when he was admitted to Fellowship Hall in March 2023, nor did he notify Ms. Rice that he would not represent her in her April 2023 custody trial. Respondent did not withdraw as counsel of record from Ms. Rice's custody case.

43. Ms. Rice learned through opposing counsel, on the date of her trial, that Respondent would not appear on her behalf and that Respondent had been terminated from employment at Cravens & Noll. The judge continued the trial in the custody case so that Ms. Rice could retain new counsel.

44. In June 2023, Ms. Rice retained Cravens & Noll for representation in the pending custody case.

45. On September 8, 2023, Respondent refunded one-half (1/2) of the flat fee deposit, in the amount of $900, to Ms. Rice.

## II. NATURE OF MISCONDUCT

Such conduct by Respondent constitutes misconduct in violation of the following provisions of the Virginia Rules of Professional Conduct:

*By failing to provide the thoroughness and preparation reasonably necessary for the competent representation of Ms. Rice in the custody matter, including but not limited to, by failing to appear at the initial hearing, by failing to file a required pleading with the court, and by failing to prepare for and appear at trial, Respondent violated RPC 1.1.*

### Rule 1.1    Competence

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

*By failing to act with reasonable diligence and promptness in representing Ms. Rice in the custody matter, including but not limited to, by failing to prepare and file a required pleading with the court, by failing to appear at the initial hearing or a trial, and by failing to act with reasonable diligence and promptness in withdrawing as counsel of record for Ms. Rice in the litigation, Respondent violated RPC 1.3(a).*

### Rule 1.3    Diligence

(a) A lawyer shall act with reasonable diligence and promptness in representing a client.

*By failing to keep Ms. Rice reasonably informed about the status of her custody matter, by failing to inform Ms. Rice of his out-of-state medical treatment and absence, by failing to notify Ms. Rice that he would not be available for the trial in the custody matter, and by failing to promptly comply with reasonable requests for information on the status of the custody case, Respondent violated RPC 1.4(a);*

*By failing to explain the custody matter to Ms. Rice to the extent reasonably necessary to permit Ms. Rice to make informed decisions regarding the representation, specifically, whether Respondent was available to prepare for and appear at the initial hearing, and whether Respondent was available to prepare for and appear at trial, Respondent violated RPC 1.4(b).*

### Rule 1.4    Communication

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

*By failing to deposit the funds received from Ms. Rice into an identifiable trust account, Respondent violated RPC 1.15(a)(1).*

### Rule 1.15  Safekeeping Property

(a). Depositing Funds

1. All funds received or held by a lawyer or law firm on behalf of a client or a third party, or held by a lawyer as a fiduciary, other than reimbursement of advances for costs and expenses shall be deposited in one or more identifiable trust accounts; all other property held on behalf of a client should be placed in a safe deposit box or other place of safe-keeping as soon as practicable.

*By failing to withdraw from representation of Ms. Rice when Respondent's physical and/or mental condition materially impaired Respondent's ability to represent Ms. Rice, Respondent violated 1.16(a)(2).*

### Rule 1.16  Declining or Terminating Representation

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
* * *

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client[.]

*By diverting Cravens & Noll clients, including Ms. Rice, to himself without notifying Cravens & Noll, the clients, or the courts that Respondent, individually, and not Cravens & Noll was representing the clients, Respondent made false statements of fact to those clients, including Ms. Rice, the courts, and Cravens & Noll about Respondent's employment or status at Cravens & Noll and about whether Respondent, individually, or Respondent as associate attorney at Cravens & Noll was representing the clients in violation of Rule 4.1.*

### Rule 4.1  Truthfulness in Statements to Others

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of fact or law[.]

*By deliberately engaging clients on the side of his employment with Cravens & Noll, in violation of his written employment agreement with Cravens & Noll, by diverting and retaining client funds that clients, including Ms. Rice, believed were being paid to Cravens & Noll and that belonged to Cravens & Noll, for his own personal use, and by misrepresenting to those clients, including Ms. Rice, that they had retained Cravens & Noll in their legal matters when Respondent had diverted the clients from Cravens & Noll without Cravens & Noll's knowledge and was in fact attempting to represent the clients by himself, Respondent violated 8.4(b) and (c).*

**Rule 8.4 Misconduct**
It is professional misconduct for a lawyer to:

\* \* \*

> (b). commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law;

> (c). engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law[.]

### III. PROPOSED DISPOSITION FOR ABOVE MATTERS

Accordingly, Joseph M. Caturano, Jr., Esquire, Assistant Bar Counsel; Eppa Hunton, VI, Respondent; and Prescott L. Prince, Esquire, counsel for Respondent; tender to the Disciplinary Board of the Virginia State Bar for its approval the Agreed Disposition of a One Year Suspension with Terms as representing an appropriate sanction if these matters were to be heard through an evidentiary hearing by the Disciplinary Board of the Virginia State Bar.

This Agreed Disposition is founded upon Respondent's self-referral to VJLAP, that Respondent then enrolled into an in-patient treatment facility, and that Respondent has fully complied with all VJLAP requests, recommendations, and requirements, in his effort to overcome his addictions.

Assistant Bar Counsel, Respondent, and Counsel for Respondent agree that the effective date for the sanction herein imposed shall be the date of entry of the Disciplinary Board Order approving this Agreed Disposition.

The Terms with which Respondent must comply are as follows:

LAWYER ASSISTANCE PROGRAM:

1. Respondent shall continue under the current written contract with Virginia Judges & Lawyers Assistance Program ("JLAP"), and before the expiration of the current written contract with JLAP, Respondent shall enter into a subsequent written contract with JLAP for a minimum period of 24 months. Respondent will comply with the terms of such contract with JLAP, including meeting with JLAP and its professionals, as directed.
2. Respondent authorizes JLAP to provide monthly reports to Bar Counsel for the Virginia State Bar stating whether Respondent is in compliance with JLAP's contract with Respondent.
3. Pursuant to Paragraph 13-18.O, Bar Counsel for the Virginia State Bar will monitor Respondent's compliance with the JLAP contract. If a JLAP representative and Bar Counsel for the Virginia State Bar determine that Respondent is not in substantial compliance with his contract with JLAP, Bar Counsel for the Virginia State Bar will serve notice requiring Respondent to show cause why the alternative disposition will not be imposed.

If the Terms, as specified above, are not met by the due dates, as specified above, pursuant to Part 6, § IV, ¶ 13-18.O of the Rules of the Supreme Court of Virginia, Respondent agrees that the alternative disposition shall be the suspension of Respondent's Virginia law license for an additional three (3) years.

Any proceeding initiated due to failure to comply with the Terms will be considered a new matter, and an administrative fee and costs will be assessed pursuant to Part 6, § IV, ¶ 13-9.E of the Rules of the Supreme Court of Virginia.

Pursuant to Part 6, § IV, ¶ 13-30.B of the Rules of the Supreme Court of Virginia, Respondent's prior disciplinary record shall be furnished to the Disciplinary Board of the Virginia State Bar considering this Agreed Disposition.

If the Agreed Disposition is approved, the Clerk of the Disciplinary System shall assess costs pursuant to Part 6, § IV, ¶ 13-9.E of the Rules of the Supreme Court of Virginia.

THE VIRGINIA STATE BAR

*[signature]*
Joseph M. Caturano, Jr., Esquire
Assistant Bar Counsel, Virginia State Bar

*[signature]*
Eppa Hunton, VI, Respondent

*[signature]*
Prescott L. Prince, Esquire
Counsel for Respondent



RECEIVED
Jun 10, 2024
VIRGINIA STATE BAR
CLERK'S OFFICE



# Virginia State Bar

1111 East Main Street Suite 700
Richmond, Virginia 23219-0026
Telephone: (804) 775-0500

Fax: (804) 775-0501   TDD: (804) 775-0502

June 10, 2024

CONFIDENTIAL

VIA EMAIL ONLY: clerk@vsb.org
Joanne Fronfelter
Clerk, Disciplinary System
Virginia State Bar
1111 E. Main Street, Suite 700
Richmond, Virginia 23219

Re:   In the Matter of Eppa Hunton, VI
      VSB Docket Nos.   23-070-128970
                        23-070-128883
                        23-070-128905

Dear Ms. Fronfelter:

I attach for filing a fully signed Agreed Disposition submitted to our office today, June 10, 2024, by Prescott L. Prince, Esquire, counsel for Respondent.

Please send the Agreed Disposition to the Disciplinary Board of the Virginia State Bar for review and for hearing pursuant to Part 6, § IV, ¶ 13-6.H.

Thank you for your kind attention to this matter.

Very truly Yours,

Joseph M. Caturano, Jr.
Assistant Bar Counsel

Enclosure
cc: Prescott L. Prince, Esquire